UNITED STATES of America, Plaintiff–Appellee,

v.

Henrietta CLARK, Defendant–Appellant.

No. 04–10341.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 9, 2005.

Decided May 19, 2005.

---

Judson Thomas Mihok, Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

John G. Bogart, Esq., Tucson, AZ, for Defendant–Appellant.

Before: REINHARDT, NOONAN, and FERNANDEZ, Circuit Judges.

## MEMORANDUM *

Henrietta Clark appeals her conviction for transportation of illegal aliens. *See* 8 U.S.C. § 1324(a)(1). We affirm.

Clark's sole contention is that the border patrol agent lacked reasonable suspicion to stop the automobile that Clark was driving. We have reviewed the record and we disagree.

Reasonable suspicion is based upon the totality of the circumstances confronting the officer. *See United States v. Arvizu,* 534 U.S. 266, 273, 122 S.Ct. 744, 750, 151 L.Ed.2d 740 (2002). Many factors, no one of which is exclusive or determinative, can influence us when we decide if there was reasonable suspicion. *See, e.g., United States v. Diaz–Juarez,* 299 F.3d 1138, 1141 (9th Cir.2002); *United States v. Tiong,* 224 F.3d 1136, 1139 (9th Cir.2000); *United States v. Montero–Camargo,* 208 F.3d 1122, 1129–30 (9th Cir.2000) (en banc). Here, for example, the distance from the border, the nature of the road as a place fraught with illegal smuggling activity, the apparent tandem driving observed by the officer, the laden nature of the vehicle, the darkness of the windows, and the apparently missing license plate,[2] combined to give an experienced officer a sufficient basis to suspect wrongdoing and, thus, to stop the automobile.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

2. The fact that there was a temporary license plate, which was well obscured behind the

darkened windows, does not bespeak a lack of reasonable suspicion. *See United States v. Miguel,* 368 F.3d 1150, 1153–54 (9th Cir. 2004).